IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50747
Summary Calendar
_____

DAVID SILVA,

                                        Plaintiff-Appellant,

versus

ESMERIJLDO TAMEZ; WILLIAM BIESENBACH;
CITY OF SAN ANTONIO; WILLIAM O. GIBSON,

                                        Defendants,

ESMERIJLDO TAMEZ; WILLIAM BIESENBACH,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CV-564
- - - - - - - - - -
November 19, 1997
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

David Silva, Texas prisoner # 387956, appeals from a judgment in favor of the defendants following a jury trial on his civil rights claims. Silva contends that 1) the district court erred in dismissing for failure to state a claim his claims against City of San Antonio Chief of Police William O. Gibson in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his individual and official capacities; 2) the jury verdict was contrary to the evidence; 3) the district court misrepresented his allegations in providing potential jurors with a summary of his allegations during voir dire; 4) the district court erred in excluding the testimony of a witness; 5) he is entitled to a new trial due to ineffective assistance of counsel; 6) defendants Tamez and Biesenbach should have been sequestered during their respective depositions; 7) he was criminally charged in retaliation for his complaints of excessive force; and 8) the district court erred in allowing the admission of evidence regarding his drug use, convictions, and purported gang membership, and defense counsel's reference to such testimony during closing argument was prejudicial and rendered the trial unfair.

We have reviewed the record and, for essentially the reasons set forth in the magistrate judge's report recommending the grant of Gibson's motion to dismiss and in the district court's order adopting the magistrate judge's report and setting forth reasons for granting the motion to dismiss, find no error in the district court's grant of Gibson's motion to dismiss the claims against him in both his individual and official capacities.  See Silva v. City of San Antonio, No. SA-94-CA-0564 (W.D. Tex. Feb. 16, 1995). Silva has not demonstrated plain error with respect to his argument that the jury's verdict on his excessive-force and state-law assault claims was contrary to the evidence presented

at trial. See Phillips v. Frey, 20 F.3d 623, 627 (5th Cir. 1994).

The district court's apparent mischaracterization of one of Silva's factual allegations during voir dire does not affect Silva's substantial rights and, thus, does not amount to plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Even if Silva did not waive the issue that the district court abused its discretion in excluding the testimony of Johnny Cisneros, who represented Silva in a prior criminal case, Silva has not demonstrated that the district court abused its discretion in excluding the evidence. The evidence was at best marginally relevant and was likely to prejudice Silva. See United States v. Humphrey, 104 F.3d, 65, 70 (5th Cir.), cert. denied, 117 S. Ct. 1833 (1997); see Fed. R. Evid. 403.

Because Silva does not have a constitutional right to effective assistance of counsel in this civil rights suit, his claim of ineffective-assistance-of-counsel is unavailing in this forum. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986).

Silva has not demonstrated error, much less plain error, with respect to his argument that the defendant-officers should have been sequestered during their respective depositions because as parties to the action and "natural persons," the officers' sequestration was not authorized. See Fed. R. Evid. 615.

Because Silva provides no support for his conclusional allegation of retaliation, he has not demonstrated plain error. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

Silva has not demonstrated plain error with respect to his arguments that testimony that he was an habitual drug user, a member of a drug gang, and an habitual criminal was improperly admitted into evidence at trial and that defense counsel's reference to that testimony during closing argument deprived him of a fair trial. Because Silva testified at trial as to his drug use and criminal behavior, he effectively waived the right to argue on appeal that the admission of evidence regarding his criminal acts and drug use was error. The admission of Silva's testimony during cross-examination, that he was classified as a member of the "Mexican mafia" by the Texas Department of Criminal Justice-Institutional Division, was properly admitted as impeachment evidence in light of Silva's testimony that he was a "model prisoner." See United States v. Riggio, 70 F.3d 336, 339 (5th Cir. 1995), cert. denied, 116 S. Ct. 1366 (1996). Thus, the admission of the evidence did not constitute plain error. Nor has Silva demonstrated plain error with respect to his argument of an improper closing argument by defense counsel.

AFFIRMED.